FILED
2019 Oct-24 PM 12:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY L. BROWN, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | Case No.: 2:18-cv-1792-MHH-JEO |
| CHRISTOPHER GORDY and ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM OPINION**

On May 31, 2019, the magistrate judge entered a report in which he recommended that the Court dismiss Mr. Brown's habeas petition pursuant to 28 U.S.C. § 2244(b)(3) because Mr. Brown did not receive permission from the Eleventh Circuit Court of Appeals before he filed this successive habeas petition. (Doc. 14, pp. 5-6). Alternatively, the magistrate judge recommended dismissal of the petition pursuant to 28 U.S.C. § 2244(b)(2). The respondents have objected to the report. They argue that the magistrate judge should have recommended dismissal based solely on § 2244(b)(3) because Mr. Brown's failure to obtain permission from the Eleventh Circuit Court of Appeals before filing his successive habeas petition deprives this Court of jurisdiction over Mr. Brown's petition. (Doc. 15).

Mr. Brown moved for an extension of time to file objections to the report and recommendation. (Doc. 16). The magistrate judge granted the motion and gave Mr. Brown until July 12, 2019, to file objections. (Doc. 17). To date, the Court has not received objections from Mr. Brown.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The Court reviews for plain error proposed factual findings to which no objection is made, and the Court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

The Court agrees that it should dismiss Mr. Brown's petition because he did not get permission from the Eleventh Circuit Court of Appeals before he filed this successive petition. The Court adopts the magistrate judge's findings concerning

the successive nature of Mr. Brown's current petition and the magistrate judge's analysis under § 2244(b)(3)(A). Therefore, the Court will dismiss Mr. Brown's habeas petition. *See McCallum v. McDonough*, 257 Fed. Appx. 157, 159 (11th Cir. 2007) ("A district court lacks jurisdiction to consider a 'second or successive' habeas petition that has not been previously authorized by an appellate court.") (citing *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997)). Because the Court lacks jurisdiction over the petition, the Court does not reach the magistrate judge's recommendation of dismissal on alternative grounds.

A separate order will be entered.

**DONE** this 24th day of October, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE